UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH DIXON,<br><br>  Plaintiff,<br><br>v.<br><br>R.T. RYBACK, Mayor City of Minneapolis,<br><br>  Defendant. | Civil No. 06-2579 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted," (§ 1915(e)(2)(B)(ii)).

Plaintiff's complaint in this case is a rambling collection of sentence fragments, vague accusations, and unexplained references to various statutes and legal doctrines. It appears from Plaintiff's submissions that he has been embroiled in a longstanding series of disputes with the City of Minneapolis, most of which pertain to a residential property owned by Plaintiff. He apparently believes that his legal rights have been violated during the course of those disputes.

In previous lawsuits filed in this District, Plaintiff has attempted to sue the City of Minneapolis, the Minneapolis Police Department, the Minneapolis Water Department, the Minneapolis "Inspection Department," the Minneapolis Public Housing Authority, the Minneapolis Community Development Agency, and the Minneapolis City Attorney's Office. See Dixon v. City of Minneapolis, Civil No. 02-4773 (RHK/AJB); Dixon v. City of Minneapolis Water Department, 02-1134 (RHK/AJB). All of Plaintiff's prior claims in his prior lawsuits pertaining to his residential property have been dismissed pursuant to Fed. R. Civ. P. 12(b)(6), or on summary judgment.

Plaintiff is now attempting to sue the Mayor of Minneapolis, R.T. Rybak, (erroneously identified as "R.T. Ryback"). Although Plaintiff's current complaint is 75 pages long, it does not describe any specific acts or omissions by Mayor Rybak that could cause him to be legally liable to Plaintiff. Moreover, the complaint does not describe any specific relief that Plaintiff is seeking from Mayor Rybak.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to secure some specific legal remedy against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se

pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Because Plaintiff's complaint does not describe any specific acts or omissions by the named Defendant, and does not include any cognizable request for judicial action, it clearly fails to state a cause of action on which relief may be granted.  Thus, the Court concludes that Plaintiff's IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Based on the Court's determination that this action should be summarily dismissed because of Plaintiff's failure to state an actionable claim for relief, it is further recommended that all of Plaintiff's separate applications for collateral relief – i.e., "Motion For Protective Order," (Docket No. 3), request for service, (Docket No. 6), "Petition For Permission To Submit Oversieze [sic] Pages," (Docket No. 7), and "Petition The Court For Legal Representation Of Counsel Appointed By Court," (Docket No. 8) – be summarily denied.

Finally, the Court notes that Plaintiff has filed at least ten actions in this District during the past five years, and it appears that not even one claim in any of those matters has been found to have any merit.  In light of Plaintiff's long history of unsustainable litigation, the District Court Judge to whom this case has been assigned should perhaps consider whether it would be appropriate to impose some restrictions on Plaintiff's right to file new cases in this District.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. Plaintiff's applications for collateral relief, namely his "Motion For Protective Order," (Docket No. 3), request for service, (Docket No. 6), "Petition For Permission To Submit Oversieze [sic] Pages," (Docket No. 7), and "Petition The Court For Legal Representation Of Counsel Appointed By Court," (Docket No. 8), be DENIED; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:     August 10, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 28, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.