UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


Joseph Dixon,                                              Civil No. 06-2579 (PAM/JSM)

                              Plaintiff,

v.                                                    **MEMORANDUM AND ORDER**

R T Rybak, Mayor for the City of
Minneapolis,

                              Defendant.

_____

         This matter is before the Court on Plaintiff's Objections to the April 10, 2006 Report

and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron.  For the reasons that

follow, the Court overrules Plaintiff's Objections, adopts the R&R, denies Plaintiff's

Motions, dismisses this action with prejudice, and imposes sanctions on Plaintiff.

**BACKGROUND**

         This case involves Plaintiff Joseph Dixon's <u>pro se</u> suit against Defendant R.T. Rybak,

the mayor of Minneapolis.  A careful reading of the Complaint reveals that Plaintiff believes

he is the victim of a criminal and civil conspiracy seemingly perpetrated by the City of

Minneapolis, Fairbanks Capital Corporation,[1] the Social Security Administration, the Court,

affiliated agents, and possibly the United States Post Office.  Plaintiff has a longstanding

dispute with the City of Minneapolis regarding the condemnation of his home.

_____

[1]Fairbanks Capital Corporation appears to have held a mortgage on Plaintiff's home.

Plaintiff commenced this action on June 22, 2006, sought leave to proceed in forma pauperis (IFP), and filed various requests and motions. Plaintiff filed a Motion for Protective Order; a Request for Service upon Defendant, the United States Attorney General, the United States House of Representatives, and the United States Senate; a Petition for Permission to Submit Oversized Pages; and a Petition for Legal Representation of Counsel Appointed by the Court. Plaintiff seeks damages in the amount of $105 million and other remedies. (Compl. at 56.)

On August 10, 2006, the Magistrate Judge recommended that Plaintiff's IFP application be denied, Plaintiff's requests and motions be denied, and this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (R&R at 4.) The Magistrate Judge described the Complaint as "a rambling collection of sentence fragments, vague accusations, and unexplained references to various statutes and legal doctrines." (Id. at 2.) The Magistrate Judge also noted Plaintiff's litigious history of filing meritless claims dismissed under Federal Rule of Civil Procedure 12(b)(6) or on summary judgment. (Id.)

In response to the R&R, Plaintiff asserts that 28 U.S.C. § 1915(e)(2)(B)(ii) is inapplicable. (Pl.'s Objections at 5.) Plaintiff also claims that the R&R is the result of both racial discrimination against him and corrupt political protection provided by the Court to Defendant.

**DISCUSSION**

**A.      Dismissal of the Complaint**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."  After an exhaustive review of the Complaint, the Court finds that the Complaint is indecipherable and without question fails to state facts sufficient to withstand dismissal.  Throughout the Complaint, Plaintiff asserts broad, conclusory allegations of discrimination and other misconduct.  Although the Court has liberally construed the Complaint, even a liberal construction fails to establish any cognizable claim.  Accordingly, the Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Sanctions**

Federal Rule of Civil Procedure 11 requires that every pleading be signed by "at least one attorney of record in the attorney's individual name, or if the party is not represented by an attorney, shall be signed by the party."  Fed. R. Civ. P. 11.  By signing the pleading, the attorney or unrepresented party certifies that the pleading is not being used for an improper purpose such as to harass or to cause unnecessary delay.  Id.  It also certifies that asserted claims are "warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law."  Id.  The "central purpose of Rule 11 is to deter baseless filings in district court and thus, . . . streamline the administration and procedure of the federal courts."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

The Court "applies a standard of 'objective reasonableness' to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose." Sands v. Prod. Credit Ass'n of Fairmont, No. 4-92-606, 1993 WL 23592, at *3 (D. Minn. Jan. 13, 1993) (Rosenbaum, J.) (citing Pulaski County Republican Comm'r v. Pulaski Bd. of Election Comm'rs, 956 F.2d 172, 173 (8th Cir. 1992)).  The Court applies this standard to pro se litigants.  Id., see also Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993) (holding that a pro se litigant cannot disregard the Federal Rules of Civil Procedure).

Here, the Court finds that Plaintiff's claims are frivolous, groundless, and not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  Also, Plaintiff has sued an individual not even tangentially related to his dispute, and has failed to provide any good faith basis for holding the individual personally liable for the purportedly incorrect actions.  See Kurkowski v. Volcker, 819 F.2d 201, 203-04 (8th Cir. 1987) (upholding sanctions against a pro se plaintiff for bringing a frivolous lawsuit that was substantially identical to claims previously advanced, rejected by other courts, and against a defendant with "absolutely no relationship" to the plaintiff).

Not only has Plaintiff abused the court process in this case, but he has a history of filing actions that were dismissed because they had no merit.  See, e.g., Dixon v. Fairbanks Capital Corp., 126 F. App'x 338, 339 (8th Cir. 2005) (affirming summary judgment to dismiss Plaintiff's claims and noting that "Dixon's numerous federal and state claims . . . are clearly meritless and do not warrant extended discussion"); Dixon v. City of Minneapolis

Water Dep't, 102 F. App'x 518, 519 (8th Cir. 2004) (holding that Plaintiff's "conclusory allegations of discrimination and other misconduct by defendants [were] insufficient to avoid summary judgment"); Dixon v. EquiCredit Corp., 82 F. App'x 501, 502 (8th Cir. 2003) (affirming sanctions against Plaintiff for frivolous and excessive claims); Dixon v. Xcel Energy, Inc., No. 01-1986, 2002 U.S. Dist. LEXIS 14630, at *5 (D. Minn. Aug. 5, 2002) (Montgomery, J.) (holding that Plaintiff's "claims are frivolous and unsupported by any evidence"). Notably, the United States Supreme Court has also sanctioned Plaintiff, finding that he "has repeatedly abused this Court's process," and barring him from filing noncriminal petitions without payment of a filing fee and compliance with document format rules. Dixon v. City of Minneapolis, 126 S. Ct. 1575, 1575 (2006) (citing Martin v. D.C. Ct. of App., 506 U.S. 1, 3-4 (1992)).

Accordingly, the Court finds that sanctions against Plaintiff are appropriate. The Court does not sanction parties lightly. However, the "Court's goal of fairly dispensing justice 'is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests' such as these." Zatko v. California, 502 U.S. 16, 17 (1991) (citing In re Sindram, 498 U.S. 177, 179-180 (1991)). Specifically, Plaintiff's actions warrant a permanent injunction barring him, and anyone acting in concert or cooperation with him, from filing any lawsuits in this or any other court located in the state of Minnesota, against Defendant in this action or regarding the facts in the Complaint, without payment of the filing fee and the signature of an attorney admitted to this Court or prior leave of an appointed judicial officer of the state or federal courts of Minnesota. See

<u>Dixon v. City of Minneapolis</u>, 126 S. Ct. 1575, 1575 (2006); <u>see also</u> <u>Nelson v. Butler</u>, 929 F. Supp. 1252, 1259-60 (D. Minn. 1996) (Davis, J.) (enjoining a <u>pro se</u> plaintiff from commencing any action against defendants relating to his marriage dissolution and child custody proceeding).   Accordingly, the Court directs the Clerk of Court not to accept any further complaints from Plaintiff unless (1) Plaintiff pays the filing fee, and (2) the Complaint bears the signature of an attorney admitted to this Court or prior leave of an appointed judicial officer of the District of Minnesota or the Minnesota state courts.   The Court warns Plaintiff that future filings similar to the Complaint in this case will warrant additional measures.   <u>See</u> <u>Zatko</u>, 502 U.S. at 18.

**CONCLUSION**

The Complaint fails to state a claim on which relief can be granted.   In addition, the Court finds that sanctions against Plaintiff are appropriate to deter him from commencing vexatious litigation.   Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Objections to the R&R (Docket No. 10) are **OVERRULED**;

2.   The R&R (Docket No. 9) is **ADOPTED**;

3.   Plaintiff's Motions (Docket Nos. 3, 6, 7, and 8) are **DENIED**;

4.   The Complaint is **DISMISSED with prejudice**; and

5.   Plaintiff is **SANCTIONED as follows**:

Plaintiff, and anyone acting in concert or cooperation with him, is hereafter barred from filing any lawsuits in this or any other court located in the state of Minnesota, against Defendant in this

action or regarding the facts in the Complaint, without payment of the filing fee and the signature of an attorney admitted to this Court or prior leave of an appointed judicial officer of the state or federal courts of Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>October 13, 2006</u>                    <u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge